Larry C. ALEXANDER, Petitioner–
Appellant,

v.

M. SMITH, Respondent–Appellee.

No. 99–17375.

D.C. No. CV–97–05364–AWI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 2001.

Decided April 18, 2001.

Before REINHARDT, TASHIMA, and BERZON, Circuit Judges.

MEMORANDUM *

Larry Alexander appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for the murder of Larry Tyler during the commission of a robbery. We affirm.

Alexander contends that the trial court's refusal to permit impeachment of the prosecution's chief witness with records and expert testimony regarding her psychiatric

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

condition violated his due process rights, and that the systematic exclusion of minority jurors from the Kern County jury pool violated his Sixth and Fourteenth–Amendment rights to an impartial jury drawn from a fair cross-section of the community.

■ Alexander's fair cross-section claim is squarely foreclosed by circuit precedent. In *Thomas v. Borg,* 159 F.3d 1147 (9th Cir.1998), we held that the absence of any African–American jurors in the Kern County venire, despite statistics demonstrating that African–Americans comprised approximately five percent of the population, did not give rise to a prima facie case of systematic exclusion under the Sixth Amendment, because the absolute disparity between the two figures was only five percent. *Id.* at 1151. Here, using the figures most favorable to Alexander, Hispanics comprised 14.5 percent of the juror-eligible population but only 10.9 percent of his venire. The absolute disparity between those two numbers, 3.6 percent, is insufficient to make out a prima facie case of a fair cross-section violation. *Id.* Accordingly, the California Court of Appeal did not err in rejecting Alexander's claim.

■ Alexander contends that the trial court's rulings barring the defense from introducing Sharon Mack's medical records to impeach her denial of her schizophrenia diagnosis and from presenting expert psychological testimony to explain the effect of Mack's mental impairments to the jury denied him the right to "confront the prosecutor's only witness to the crime." We agree that a trial court's refusal to allow impeachment with psychiatric evidence may constitute a violation of a defendant's due process and confrontation rights. *See United States v. Lindstrom,* 698 F.2d 1154 (11th Cir.1983); *Greene v. Wainwright,* 634 F.2d 272 (5th Cir.1981). Here, however, the error, if any, was harmless. *See Delaware v. Van Arsdall,*

475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (constitutionally improper denials of the right to impeach witnesses are subject to harmless error review). Much of Mack's account was corroborated, principally by her having led the police to Tyler's burial place, by the discovery of a shovel nearby, and by testimony from the pawn shop owner concerning the purchase and return of the rifle. Moreover, the trial court allowed cross-examination regarding Mack's medical conditions, suicide attempts, depression, drug use, and numerous hospitalizations. With regard to the intent issue tried at the second trial, Alexander's position was that Mack made up her story to achieve her own purposes, not that she was fantasizing, misperceiving, or misremembering. Psychiatric testimony regarding Mack's cognition, memory, and perception of reality therefore would have had little pertinence to the key issue before the jury in that trial, as framed by Alexander. Accordingly, we conclude that any exclusion of additional evidence was non-prejudicial.

AFFIRMED.